UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RAYMOND B. KIRKPATRICK,<br><br>    Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>    Defendant.<br>_____ | No. SACV 06-487 FFM<br><br>MEMORANDUM OPINION DENYING MOTION TO DISMISS;<br>ORDER THEREON |

On May 19, 2006, Plaintiff filed a Petition for Writ of Mandamus asking this Court to order the Commissioner to consider Plaintiff's Request for Review of the decision of the Administrative Law Judge ("ALJ") and make a decision thereon. (Petition for Writ of Mandamus; Memorandum of Points and Authorities . . . ("Petition") at 1, 7). On July 24, 2006, the Commissioner filed a Motion to Dismiss the Petition for lack of subject matter jurisdiction.

This memorandum opinion shall constitute the Court's findings of fact and conclusions of law.

/ / /

/ / /

/ / /

/ / /

**UNDISPUTED FACTS**

Plaintiff's applications for disability insurance benefits and supplemental security income benefits were denied by decision of an Administrative Law Judge ("ALJ") on August 27, 2004. Plaintiff had sixty days following receipt[1] of the ALJ's decision within which to request review by the Appeals Council. 20 C.F.R. §§ 404.968, 416.1468.

On December 3, 2004, Plaintiff, through his attorney, Charles Binder, faxed to the Appeals Council two documents:

1) The fax transmittal letter dated December 3, 2004, indicating:

"As per your instructions attached is a copy of the letter dated 9/9/2004, requesting review of the Administrative Law Judge's decision;" and

2) A copy of Mr. Binder's letter dated September 9, 2004, (hereafter referred to as the "Kirkpatrick letter"), stating:

"Request is hereby made for review of the Administrative Law Judge's decision dated 08/27/2004 and the cassette recording of the hearing testimony."

(Declaration of Manuel D. Serpa in Support of Plaintiff's Petition for Writ of Mandamus ("Serpa Declaration"), Exhibit D).

In arguing the timeliness of Plaintiff's request for review, Mr. Serpa, an associate of Mr. Binder, stated in his Declaration that:

"On September 9, 2004, exactly 13 days after the date of the ALJ's written decision, my office sent to the Appeals Council at the Office of Hearings and Appeals . . . , via U.S. Postal Service standard mail with a Certificate of Mailing, a written request that the Appeals Council review the ALJ's unfavorable decision. A

---

[1] Plaintiff is presumed to have received the decision within five days of its mailing. 20 C.F.R. §§ 404.901, 416.1401. Thus, Plaintiff has sixty-five days from the date of the ALJ decision within which to request Appeals Council review.

true and correct copy of that written request dated September 9,

2004, . . . is attached hereto as Exhibit 'C.'"

(Serpa Declaration, at 2).

However, the letter that is shown as Exhibit C is not the same letter shown in Exhibit D, which was faxed to the Appeals Council on December 3.  Rather, it is a cover letter (hereafter referred to as the "cover letter") also written by Mr. Binder and also dated September 9, 2004, indicating:

"Enclosed in this envelope are **9** requests for review, listed below.

They are being sent via the U.S. Postal Service with a Certificate

of Mailing." (Emphasis in original).

The list of cases includes that of Plaintiff.  Also shown on this cover letter is a U.S. Postal Service Certificate of Mailing which shows a post office date stamp of September 9, 2004.

After intervening correspondence between the parties, on March 6, 2006, the Appeals Council dismissed Plaintiff's request for review because the request was untimely.  The Appeals Council considered that December 3, 2004, the date of the fax transmittal, was the date of filing of the request, which was well beyond sixty days from the ALJ's decision.  The Appeals Council noted that the copy of the Kirkpatrick letter that was filed on December 3 was not signed.  As a result, the Appeals Council deemed that letter to be "not a valid document."  The Appeals Council further advised Plaintiff that "the dismissal of a request for review is final and not subject to further review." (Exhibit J).  Plaintiff contends that he had, in fact, timely filed his request for review on September 9, 2004, and that he has provided a postmarked Certificate of Mailing as evidence of such timely filing.

Plaintiff, therefore, petitions for a Writ of Mandamus pursuant to 28 U.S.C. § 1361, seeking an Order compelling the Commissioner to consider his request for review. (Petition, at 1).  The Commissioner responded with the instant Motion to Dismiss, claiming that the Appeals Counsel's refusal to extend time for Plaintiff to file his request

for review was a discretionary act that is not subject to compulsion by mandamus.

## DISCUSSION

28 U.S.C.A. § 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, "'[m]andamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available.'" *Kildare v. Saenz,* 325 F.3d 1078, 1084 (9th Cir. 2003) (quoting *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998)). Mandamus can apply to Social Security cases. *Kildare*, 325 F.3d at 1084.

<u>Is there another adequate remedy available to Plaintiff?</u>

The Commissioner does not argue that Plaintiff has any other adequate remedy. To the contrary, she cites *Matlock v. Sullivan*, 908 F.2d 492 (9th Cir. 1990), for the proposition that the Appeals Council's dismissal of an untimely request for review was not a final decision subject to judicial review under 42 U.S.C. § 405(g). (Defendant's Motion to Dismiss ("Motion"), at 7).

<u>Is Plaintiff's claim clear and certain?</u>

The Commissioner contends that Plaintiff's claim is not clear and certain and that the Appeals Council "permissibly made factual findings" concerning the timeliness "of the filing and receipt of the review request." The Commissioner argues that "[a]lthough Plaintiff contends that he timely filed (by mailing) a request for review on September 9, 2004, the Council states it did not receive the request until December 3, 2004 when it was faxed." The Commissioner cites the declaration of Rose Ray ("Ray Declaration"), who is the Acting Chief of Court Case Preparation and Review Branch 1 of the Office of

4

Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, as supporting this contention. (Motion, at 7).

The referenced portions of the Ray Declaration read as follows:

> "On December 3, 2004 the plaintiff's representative FAXED a copy of a letter dated September 9, 2004 requesting review of the ALJ's decision dated August 27 2004 (Exhibit 2)."

(Ray Declaration, Paragraph 3(c)).

Exhibit 2 consists of the fax transmittal sheet of December 3, 2004, and the Kirkpatrick letter.

The Commissioner also cites the Ray Declaration to the effect that:

> "On February 15, 2006 the plaintiff's representative FAXED a copy of a letter dated January 3, 2006 discussing the 'timeliness' issue and another copy of the September 9, 2004 letter requesting review along with a Certificate of Mailing stamped Sep 9 2004 (Exhibit 4)."

(Ray Declaration, Paragraph 3(d)).

Exhibit 4 consists of:

1. A fax transmittal sheet from Plaintiff's counsel dated January 5, 2006,[2] indicating *three* pages were faxed including the transmittal sheet;
2. A two-page letter from Charles Binder dated January 3, 2006, addressed to the Appeals Council;
3. The September 9, 2004, cover letter and certificate of mailing;
4. The September 9, 2004, Kirkpatrick letter, specifically requesting review.

According to the Commissioner, Plaintiff's request was not timely filed and the

---

[2] The actual transmittal letter shows a date of January 5, 2005, clearly a typographical error.

5

Appeals Council's refusal to allow a late filing was a discretionary act.  However, if the filing was timely, the Appeals Council had no discretion to reject the filing and Plaintiff's claim would be clear and certain.  The actual question, therefore, is whether Plaintiff timely filed his request for review.  In ruling on the Motion to Dismiss, the Court will necessarily determine the merits of Plaintiff's Petition (i.e., if the request was not timely filed, the Appeals Council acted within its discretion in refusing it and this Court has no mandamus jurisdiction; if the request was timely filed and the Appeals Council had a duty to accept the filing mandamus would be appropriate).  Because the dispositive issue has been fulling briefed, the Court will treat the Motion to Dismiss as the Commissioner's substantive response to the Petition.

The Court finds that there is nothing in the Commissioner's moving papers, arguments, exhibits and declaration[3] which supports the Commissioner's contention that Plaintiff did not timely file his request for review on September 9, 2004.  Contrary to the Commissioner's argument, the Ray Declaration does not state that the Appeals Council "did not receive the request until December 3, 2004, when it was faxed."  (Motion, at 7).

Significantly, there are two letters dated September 9, 2004–the Kirkpatrick letter and the cover letter.  Neither party draws any distinction between the two.  It is not even clear to which letter either is referring when addressing "the September 9, 2004, letter."  Although the Appeals Council generally appears to consider only the Kirkpatrick letter to be the request for review, the Commissioner in her Motion also refers to the cover letter as a "*letter requesting review* (with the names of other claimants) that had a copy of the

---

[3]One court found declarations such as that of Ms. Ray particularly unpersuasive, noting, inter alia, that the declarant "acknowledges that she had no connection with the plaintiff's case until the present lawsuit was filed," (*see* Ray Declaration, Paragraph (3)), "she has not personally examined its contents; rather, the file 'has been examined under [her] supervision'" (*id.*) and "the declarant does not even hint that the Appeals Council has a consistent practice" or "any safeguards to ensure" that the procedures are followed in a uniform manner "in the 'millions of cases' the defendant assertedly processes." *Pettway v. Barnhart*, 233 F.Supp. 2d 1354, 1362 n.18  (S.D. Alabama, 2002).

Certificate of Mailing stamped 'Sep 9 2004' xeroxed on the lower right hand corner. Exhibit 4." (Emphasis added). (Motion, at 2-3).

Thus, there are two requests for review dated September 9, 2004: the Kirkpatrick letter which was faxed to the Appeals Council on December 3, and the cover letter, which contains the postmarked Certificate of Mailing. The cover letter itself qualifies as a letter "requesting review." 20 C.F.R. §§ 404.968(a) and 416.1468(a) provide that Appeals Council review may be requested within sixty days after receipt of the ALJ's decision "by filing a written request." It does not require that the written request be signed[4] or that it be in a specific form. Nor does it require that the request be unequivocal and explicit. Rather, a request for review can be implied. See HALLEX[5] I-3-060 ("The claimant may specifically ask for a review or may imply that he or she is requesting review. Implied request for review occurs when the claimant expresses disagreement or dissatisfaction with the ALJ's action or an intent to pursue appeal rights."). The typewritten cover letter indicates that there is a request for review, it indicates the name of Plaintiff, and it provides his social security number. It also provides the name and address of Plaintiff's counsel. Therefore, it is clearly identifiable as relating to this Plaintiff and more than satisfies the minimum requirements of a request for review both under the regulations and the Administration's own rules as found in HALLEX.

---

[4] That a file copy of a letter is not signed is not unusual. Plaintiff cites no authority for the proposition that because the September 9, 2000, letter(s) is unsigned, it is not a valid document. (Motion, at 3). *See Moothart v. Sullivan*, 1990 WL 114327, *8 n.1 (N.D. Ill.).

[5] "Through HALLEX, the Associate Commissioner of Hearings and Appeals conveys guiding principles, procedural guidance and information to the Office of Hearings and Appeals (OHA) staff. HALLEX includes policy statements resulting from an Appeals Council en banc meeting under the authority of the Appeals Council Chair. It also defines procedures for carrying out policy and provides guidance for processing and adjudicating claims at the Hearing, Appeals Council and Civil Action levels." *Moore v. Apfel*, 216 F.3d 864, 868 (9th Cir. 2000). However, it does not have the force and effect of law. *Id.* at 869.

The Commissioner also argues that the Certificate of Mailing "did not necessarily show that this particular Plaintiff's request was mailed on the purported date, since, according to the Appeals Council, the September 9, 2004 letter was apparently never *received* by mail. Also, a mailing certificate does not necessarily prove that a particular piece of mail was presented for mailing."[6] (Motion, at 9).

However, Plaintiff has presented documentary evidence that there was a "letter requesting review" (cover letter) with evidence of mailing on September 9, 2004. Absent evidence of deception, and the Commissioner has presented none, the presumption is that the document was mailed and that it was received by the addressee. *See In re Bucknum*, 951 F.2d 204, 207 (9th Cir. 1991) ("Mail that is properly addressed, stamped and deposited into the mails is presumed to be received by the addressee"); *see also Pettway v. Barnhart*, 233 F.Supp 2d 1354, 1361 n.15 (S.D. Alabama, 2002) ("The common law has long recognized a rebuttable presumption that an item properly mailed was received by the addressee. [citation omitted] The presumption of receipt arises upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail.") (internal quotation marks and citations omitted). Having presented evidence of timely mailing, Plaintiff also has presented evidence of timely filing of the request for review. *See Dietsch v. Schweiker*, 700 F.2d 865, 868 (2nd Cir. 1983) (mailing satisfies the filing requirement).

The Commissioner, on the other hand, has presented no evidence whatsoever to rebut this presumption. The conclusory statement that "according to the Appeals Council, the September 9, 2004 letter was apparently *never* received by mail" has no evidentiary value. (Motion, at 9). In this context, the Commissioner is clearly referring to the Kirkpatrick letter. As to the cover letter, also described by the Commissioner as a "letter requesting review," in addition to the Certificate of Mailing and postmark, there is

---

[6]The Commissioner gives no indication as to what she would consider adequate proof of mailing in lieu of a postmarked Certificate of Mailing.

8

1 additional reason to presume that it was timely received because there appears to have
2 been no problem with the eight other cases enumerated in the cover letter.  (See letter of
3 Charles Binder to the Appeals Council dated March 20, 2006 (Exhibit K)).  In fact,
4 although the Commissioner repeatedly insists that it did not receive the Kirkpatrick letter
5 until the fax transmittal, the Appeals Council has never specifically denied receipt of the
6 cover letter.

7 Accordingly, a request for review was timely filed, Plaintiff's claim is clear and
8 certain, and the Commissioner's duty to consider the request for review to either deny or
9 grant review is not discretionary.  The Motion to Dismiss is denied.  Inasmuch as there is
10 no other remedy available to Plaintiff, Plaintiff's Petition for Writ of Mandate is
11 GRANTED.  The Commissioner is directed to accept plaintiff's timely filing of his
12 request for review.

DATED: 12/21/06                            /s/_____
                                           FREDERICK F. MUMM
                                           United States Magistrate Judge